UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHEL ANN FROMWILLER,

                                        Plaintiff,          19-CV-964

v.                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

## INTRODUCTION

On July 23, 2019, plaintiff, Rachel Ann Fromwiller, brought this action pursuant to Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") regarding her application for supplemental security income ("SSI"). ECF No. 1. Presently before the Court is the Commissioner's motion to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure based on Plaintiff's failure to state a claim upon which relief can be granted, and Plaintiff's cross-motion for a *nunc pro tunc* extension of the deadline to file her complaint. ECF Nos. 6, 9. For the reasons that follow, the Commissioner's motion is GRANTED, and Plaintiff's cross-motion is DENIED.

## FACTUAL BACKGROUND

This case stems from Plaintiff's application for SSI filed with the Social Security Administration ("SSA") on September 3, 2014, in which she alleged disability beginning September 3, 2014.[1] After the application was denied by the ALJ on November 17, 2015, Plaintiff

---

[1] There appears to be several discrepancies related to the date when Plaintiff filed her applications for benefits, as well as the date of the Administrative Law Judge's ("ALJ") original decision. In her motion papers, Plaintiff alleges August 28, 2014 as the date when she filed her DIB and SSI applications and January 1, 2013 as the date when she became disabled. ECF Nos. 9-1 at 1; 9-2 ¶ 4. Plaintiff submits that her DIB application was denied on September 8, 2014 on *res judicata* grounds. ECF No. 9-2 ¶ 7. She further states that her SSI claim was denied by the ALJ on November 12, 2015 (ECF Nos. 9-1 at 2; 9-2 ¶ 8), while the record before this Court contains a copy of the decision issued by ALJ McGuan on November 17, 2015. ECF No. 6-1 at 8-22.

1

timely filed a request for review with the Appeals Council. ECF Nos. 6 at 2; 9-1 at 2. After the Appeals Council denied her request, Plaintiff filed a civil action in this Court on June 28, 2016. *Id.* On July 11, 2018, this Court issued an order remanding this matter back to the Commissioner for further administrative proceedings. ECF Nos. 6-1 at 3; 9-2 at 1. Following the remand, the Commissioner conducted another hearing related to Plaintiff's SSI claim, and, as a result, issued an unfordable decision on March 21, 2019. ECF No. 6-1 at 51-68. The notice of unfavorable hearing decision, issued the same day, advised Plaintiff that she had a right to file written exceptions with the Appeals Council within 30 days of the date of the notice. It also advised Plaintiff that if she chose not to file her written exceptions, then the ALJ's decision would become final on the sixty-first day following the date of the notice. *Id.* at 48-50. Because Plaintiff did not seek review of the ALJ's March 21, 2019 decision by the Appeals Council, and the Appeals Council did not assume jurisdiction of the case, the ALJ's decision became the final decision of the Commissioner on May 21, 2019. *Id.* The notice of unfavorable hearing decision also advised Plaintiff that she had a right to file a civil action in district court within 60 days after the ALJ's decision became final. *Id.* Plaintiff initiated this action by filing her complaint on July 23, 2019. ECF No. 1.

The Commissioner argues that because the ALJ's decision became final on May 21, 2019, Plaintiff's last day to initiate her legal action was July 22, 2019. ECF No. 6 at 2-3. Plaintiff admits that she filed her complaint after the required deadline, however, she requests a *nunc pro tunc* extension of time to file her complaint after the deadline based on the doctrine of equitable

estoppel.[2] ECF No. 9-1 at 3-5. Because the parties agree that Plaintiff's complaint was untimely, the only issue for this Court to resolve is whether Plaintiff's late filing was excusable.

## DISCUSSION

### A. Motion to Dismiss

A motion to dismiss on statute of limitations grounds is generally treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *See Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015). "The reason Rule 12(b)(6) provides 'the most appropriate legal basis' for such a motion is 'because expiration of the statute of limitations presents an affirmative defense.'" *Id.* (internal citations omitted). When determining the sufficiency of a motion to dismiss under Rule 12(b)(6), the Court's consideration is "limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Therefore, the Court may consider the declarations, affirmations, and exhibits submitted by the parties in deciding whether Plaintiff's complaint should be dismissed on the statute of limitations grounds. *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

### B. Equitable Tolling

It is well-established that absent a statutory waiver, the United States is immune from suit without its consent. *City of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010). Judicial review

---

[2] Though the parties agree that Plaintiff's complaint was to be filed within sixty days of May 21, 2019, Plaintiff, however, identified July 20, 2019 as her deadline to do so. ECF No. 9-1 at 3. Because July 20, 2019 fell on a Saturday, Plaintiff's deadline to initiate this action was the following Monday, July 22, 2019. *See* Fed. R. Civ. P. 6 (a)(1). Plaintiff initiated this action on July 23, 2019.

3

of the Commissioner's final decisions on claims arising under Title II is provided by Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), which provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405 (g); *see also Bowen v. City of New York*, 476 U.S. 467, 472 (1986) (a claimant may seek judicial review in federal court once he has exhausted all administrative remedies, but must do so within 60 days of the Secretary's final decision as required by 42 U.S.C. § 405(g).). "Failure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." *Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collective cases).

In light of Congress' intent to be "unusually protective" of social security claimants, the 60-day limitation period has been deemed subject to equitable tolling. *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990) (internal citations omitted) (equitable tolling of the 60-day limitations period is "not infrequently appropriate"). Because "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations[,]" the court can toll it "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). Importantly, in order for the Court to extend the 60-day filing requirement a litigant must demonstrate that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way" preventing a timely filing. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal citations omitted). "Application of the doctrine [of equitable tolling] is appropriate only in rare and

exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Cole-Hill ex rel. T.W.*, 110 F. Supp. 3d at 484.

Plaintiff argues that her late filing of the complaint should be forgiven because she was "extremely diligent in pursuing this action," and because her repeated requests to appeal the ALJ's denial of benefits made to her counsel, as well as her reliance on counsel's promises to do so, has created exceptional circumstances that would allow this Court to toll Plaintiff's 60-day filing deadline. ECF No. 9-1 at 3-5. The Court disagrees.

To satisfy the first requirement of the equitable tolling test, Plaintiff needs to demonstrate that her efforts in pursuing this action have been "reasonably diligent." *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) ("The standard is not 'extreme diligence' or 'exceptional diligence,' it is *reasonable* diligence."). Based on the parties' submissions, the Court finds that Plaintiff has, indeed, demonstrated that she had been diligently pursuing her disability claim since September 3, 2014, the date she filed her original SSI application. However, diligent pursuit of a disability claim alone does not warrant the tolling of a limitation deadline without a showing of the existence of an extraordinary circumstance that prevented a claimant from filing a timely complaint. In reviewing Plaintiff's allegations in the light most favorable to her, the Court finds that even though she may have demonstrated diligence in pursuing her SSI claim, Plaintiff, however, has not demonstrated that extraordinary circumstances stood in her way from timely seeking judicial review.

As a general matter, because "Congress intended to be unusually protective of claimants" in cases involving social security benefits, *see Liranzo v. Astrue*, No. 07-CV-5074(CBA), 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), *aff'd Lizanzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011), courts of this Circuit have extended the filing deadline in instances where a

social security claimant failed to timely seek judicial review because of a mental or physical impairment, or "where misleading or covert action by the government or an attorney impede[d] [the] claimant from timely pursuing the correct judicial avenues[.]" *Bender v. Astrue*, No. 09-CV-5738(KAM), 2010 WL 3394264, at *5 (E.D.N.Y. Aug. 23, 2010) (internal citations omitted); *see also Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir.), *on reh'g*, 947 F.2d 45 (2d Cir. 1991).

As for an attorney misconduct, it has been long recognized that counsel's "bad advice" provided to a client, as well as ordinary mistakes, or miscalculations of a filing deadline, generally do not rise to the level of an "extraordinary circumstance" warranting tolling of a filing deadline. *See, e.g., Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling[.]"); *Martinez v. Superint. of E. Corr. Fac.*, 806 F.3d 27, 31 (2d Cir. 2015) ("Attorney error generally does not rise to the level of an 'extraordinary circumstance.' . . . However, attorney negligence may constitute an extraordinary circumstance when it is 'so egregious as to amount to an effective abandonment of the attorney-client relationship.'"); *Baldayaque*, 338 F.3d at 152-53 ("[W]hile the normal errors made by attorneys may not justify equitable tolling, extreme situations . . . require a different result . . . [A]n attorney's conduct, if it is sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling."); *Torres*, 417 F.3d at 280 ("[T]he failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling."); *Reape v. Colvin*, No. 1:13-CV-1426 (GTS/CFH), 2015 WL 275865, at *5 (N.D.N.Y. Jan. 22, 2015) ("bad advice" from plaintiff's attorney and representatives of the Social Security office did not rise to the level of extraordinary circumstances that warrant equitable tolling); *Groves v. Comm'r of Soc. Sec.*, No. 7:12-cv-904 (GLS/RFT), 2014 WL 5475292, at *3 (N.D.N.Y. Oct. 29, 2014) (a combination of attorney's

6

computer and health problems that prevented her from timely filing plaintiff's complaint did not create extraordinary circumstances warranting equitable tolling). Simply put, when an attorney's misconduct is, at best, described "as a garden variety claim of excusable neglect," *Irwin v. Dep't of Vets. Aff.*, 498 U.S. 89, 96 (1990), equitable tolling of a filing deadline is not justified. *See also Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019) (attorney's confusion about the deadline for filing a civil action was a "garden variety claim of excusable neglect" that did not justify equitable tolling).

In the instant matter, even though Plaintiff's counsel does not argue that he miscalculated the filing deadline, he, nonetheless, submits that his filing error was justified because Plaintiff made repeated requests to his office to file her complaint on time and relied on his office's promises that the complaint was going to be filed within the deadline. ECF No. 9-1 at 4-5. While the Court recognizes that a claimant's reliance on an attorney's representations may, under certain circumstances, rise to the level of extraordinary circumstances that could warrant tolling of a filing deadline, it finds that such circumstances do not exist here. *See, e.g., Dillon v. Conway*, 642 F.3d 358, 364 (2d Cir. 2011) (the filing deadline was tolled where Plaintiff's attorney affirmatively and knowingly misled Plaintiff by promising to file his petition on time, and breached the promise when he failed to follow his client's instructions); *Torres*, 417 F.3d at 2 (equitable tolling was warranted where Plaintiff, on the verge of timely filing his own *pro se* complaint, was misled into believing that his attorney would be timely filing his complaint, and promptly filed it *pro se* upon learning he had been misled); *Baldayaque*, 338 F.3d at 152-53 ("extreme situation" to extend plaintiff's filing deadline existed when an attorney willingly ignored express instructions of his client, never spoke to or met with the client, and failed to conduct any legal research on his client's behalf); *Zapata v. Colvin*, No. 3:13-cv-01875 (JAM), 2016 WL 777893, at *3 (D. Conn. Feb. 29,

2016) (attorney's "extreme and deceptive conduct" justified plaintiff's failure to timely file his complaint).

Here, the record does not contain evidence of Plaintiff's counsel affirmatively and knowingly misleading Plaintiff about the filing deadline, nor does counsel's conduct rise to the level of extreme or egregious conduct that would justify tolling of Plaintiff's deadline. In fact, counsel was not aware that the filing deadline was missed until he received the instant motion from the Commissioner. ECF No. 9-2 ¶ 22. Counsel relies on findings in *Torres* in support of this argument that his unintentional misleading of Plaintiff and repeated promise to file a timely appeal warrant application of the equitable tolling doctrine. ECF No. 9-1 at 4-5. However, the Court is not persuaded by this argument. The Court in *Torres* extended the filing deadline to a linguistically- and legally-challenged plaintiff, who successfully represented himself for several years in pursuit of his disability claim and was on the verge of filing his own *pro se* complaint when he found out that his counsel, retained to assist in filing of a complaint in federal court, failed to file anything on Plaintiff's behalf. Here, even though Plaintiff repeatedly inquired about the status of her case, this fact, at most, represents Plaintiff's diligence in pursuing her disability case, which alone is insufficient to create an exceptional circumstance warranting extension of her filing deadline. Plaintiff here has been represented by the same law firm since 2013. ECF No. 9-1 at 4. She had previously appealed the Commissioner's decision and filed one civil action once before. ECF Nos. 9-1 at 4; 9-3 at 3. In his communication with the Commissioner, counsel admitted making an error when his office filed Plaintiff's complaint after the deadline despite having received a notification of the correct deadline from a calendaring system utilized by his office to keep track of all deadlines. ECF No. 9-3 at 3. Even though counsel's office was aware of the correct filing deadline, the paralegal assigned to Plaintiff's case, "inexplicably" did not file

Plaintiff's complaint until July 23, 2019. *Id.* Notably, when asked for the reasons for such late filing, the paralegal responded that she did not know why she filed Plaintiff's complaint after the deadline. *Id.* Aside from this explanation, counsel, whose experience initiating disability appeals in this District is vast, did not provide any reasons why his office was not able to comply with the filing deadline and file Plaintiff's standard, two-page complaint on time. *Groves*, 2014 WL 5475292, at *4. Therefore, based on Plaintiff's own admission, her counsel's failure to timely initiate this action was an example of "a law office failure," which, unfortunately for Plaintiff, constitutes "a garden variety claim of excusable neglect" that does not warrant tolling of her filing deadline.

Instead of *Torres*, which facts Plaintiff suggests are identical to the circumstances on this case, the Court finds that they are very similar to those in *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. 2002), where our sister court dismissed plaintiff's complaint when plaintiff's counsel, mistakenly believing that the complaint was timely filed, missed the deadline by one day. *Id.* at 339. Similar to the circumstances of the present case, plaintiff in *Davila* had instructed his counsel to appeal the ALJ's decision, yet, counsel filed plaintiff's complaint one day after the 60-day limitation period and was unable to explain his reasons why he mistakenly thought the complaint was timely filed. Because there was no evidence that plaintiff or her attorney received conflicting information from the Commissioner or the court regarding the filing deadline, the court in *Davila* concluded that counsel's filing error was "not one of the rare circumstances in which equitable tolling is permissible." *Id.*

Plaintiff's argument that extension of the deadline is justified because the Commissioner did not suffer any prejudice is without merit. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that

9

might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin City Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Similarly, Plaintiff's argument that tolling of the filing deadline is justified because her delay in filing was brief in unavailing. While the dismissal of Plaintiff's case may be harsh, given that she only missed the deadline by one day, the 60-day requirement is a statute of limitations that must be strictly construed. Therefore, courts of this Circuit "have not hesitated to find that complaints that miss this deadline by a matter of days are untimely." *Courtney v. Colvin*, No. 13 Civ. 02884(AJN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (collective cases); *see, e.g., Natale v. Comm'r of Soc. Sec.*, No. 1:17-cv-00908 (KHP), 2017 WL 3309734, at *2 (S.D.N.Y. Aug. 2, 2017) (dismissal after a one-day delay); *Smith v. Comm'r of Soc. Sec.*, No. 08-CV-1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (dismissal of a *pro se* complaint after a four-day delay); *Davila*, 225 F. Supp. 2d at 340 (dismissal after a one-day delay); *Burkett v. Apfel*, No. 97 CIV. 4019 (TPG), 1998 WL 846753, at *1 (S.D.N.Y. Dec. 4, 1998) (dismissal after a one-day delay).

## CONCLUSION

For the above reasons, the Commissioner's motion to dismiss (ECF No. 6) is GRANTED, Plaintiff's cross-motion (ECF No. 9) is DENIED. The case is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

_____
HON. FRANK P. GERACI, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: May 28, 2020
      Rochester, New York